Nov. Term, 1854.

WILCOX v. HOGAN.

---

### WILCOX *v.* HOGAN.

A justice of the peace, by the R. S. 1843, where the gravamen of the action was in tort and the damages claimed exceeded 50 dollars, had no jurisdiction.

When a bailment is for the sole benefit of the bailee, the law requires great diligence on his part and makes him responsible for slight neglect.

Tuesday, December 12.

APPEAL from the *Vanderburgh* Circuit Court.

DAVISON, J.—This suit was commenced on the 4th of *December*, 1852, before a justice of the peace. The cause of action is as follows:

"*John R. Wilcox* borrowed my mare, valued at 60 dollars, on the 4th of *August*, 1852, and promised to return her in half a day or one day, and let another man (*Cook*) have her to ride, who rode her three days and killed her by hard riding and bad usage. To my damage 100 dollars. [Signed] *Edward Hogan.*"

Before the justice, *Hogan* recovered 55 dollars. *Wilcox* appealed. In the Circuit Court the evidence tended to show that *Wilcox* got the mare to use in hunting his horse which had gone astray, and that *Hogan* knew the purpose for which his mare was to be used; that one *Cook*, in the employment of *Wilcox*, made use of the mare three days, and then returned her; that about two weeks after the mare was returned, she died, and that her death was caused by hard riding and bad usage, while in *Cook's* possession.

Verdict for the plaintiff below. New trial refused and judgment, &c.

In the cause of action the mare is alleged to be worth 60 dollars, and damages are laid at 100 dollars. Now, had

the justice of the peace jurisdiction? This is the only question raised in the cause.

By an act in force when this suit was brought, it was provided that the jurisdiction of a justice should extend to 100 dollars in debt, covenant and assumpsit; but in all actions founded in tort to 50 dollars only. R. S. 1843, c. 47, s. 2.

The nature of the complaint must, in this case, determine the extent of the jurisdiction. If the gravamen of the action is in tort, the justice had no authority to adjudicate upon the merits of the controversy, because the damages are an amount to which his jurisdiction did not extend. But in the record there is nothing leading to that conclusion. This was an ordinary case of bailment, for the sole benefit of *Wilcox*, the bailee. The law required great care on his part and made him responsible for slight neglect. Story on Bailment, s. 23. *Wilcox* received the mare, at least, under an implied promise to use her with sufficient care, and to return her within a reasonable period. A failure to comply with that contract constituted the substance of the complaint. Therefore, the action was not founded in tort; but upon a breach of contract.

Whether *Wilcox* did or not fulfil his implied engagement, was a question for the jury; and we think the weight of evidence supports their verdict.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones* and *J. E. Blythe*, for the appellant.

*C. Baker*, for the appellee.